IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| | § | |
| | § | CASE NUMBER 4:17-CR-00065 |
| v. | § | JUDGE MAZZANT/JUDGE JOHNSON |
| | § | |
| | § | |
| CLIFFTON EARL-SHANE JONES, | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On November 7, 2017, the Court held a hearing on Defendant Cliffton Earl-Shane Jones' Motion to Suppress (Dkt. 88), the matter having been referred to the undersigned by the Honorable Amos L. Mazzant, III (*see* Dkt. 90). The Government filed a response in opposition (Dkt. 97). Defendant argues there was no consent for the warrantless search of his residence on March 13, 2017, and, therefore, the search was illegal. *See* Dkt. 88.

At the hearing, the Government was represented by Assistant United States Attorney William Tatum ("AUSA Tatum"). Although the Court previously granted Defendant's request to represent himself in these proceedings (*see* Dkts. 35 and 38), the Court also appointed Attorney Camille Knight ("Ms. Knight") as stand-by counsel (*see id*.). Ms. Knight represented Defendant at the hearing.

Defendant was indicted in a single count indictment for a violation of 18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm on April 12, 2017. *See* Dkt. 1. According to the motion, Defendant seeks to suppress two weapons found during the search of his residence, as well as "any and all evidence seized as a result of the search," and "any and all statements made by [ ] Defendant to agents of the government." *See* Dkt. 88. Having considered the motion to suppress, the response,

1

the testimony, and the arguments of counsel at the hearing, the Court recommends the motion (Dkt. 88) be **DENIED**.

Extensive testimony from Pottsboro Police Officer Lorenzo Saavedra, Jr. ("Officer Saavedra") regarding the events leading to Defendant's arrest established that Officer Saavedra responded to a call regarding an assault of Teresa Jones ("Ms. Jones"), Defendant's mother. Pottsboro Police Officer Kevin Hudson ("Officer Hudson") provided corroborating testimony regarding the same events. The officers' testimony, which was supplemented by approximately fifty-six minutes of videotape from Officer Saavedra's and/or Officer Hudson's dashboard camera, established that Defendant punched Ms. Jones in the face during an argument, there were firearms in the home where she and Defendant live, Ms. Jones was concerned for her safety, and Defendant had previously made threats against law enforcement. Officers subsequently went to Defendant's home, and Ms. Jones gave her consent for the officers to enter the home. Ms. Jones testified and confirmed that she in fact gave her consent for the officers to enter the home.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court finds that Ms. Jones voluntarily gave her consent for officers to enter the home she shared with Defendant. Accordingly, the Court recommends that Cliffton Earl-Shane Jones' Motion to Suppress (Dkt. 88) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report

shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C.A. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 8th day of November, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE