# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 4:17-CR-00065 |
| v. | § | Judge Mazzant |
| | § | |
| CLIFFTON EARL-SHANE JONES | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Cliffton Earl-Shane Jones's Motion to Dismiss for Lack of Jurisdiction (Dkt. #102). Having considered the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

On April 12, 2017, the United States of America filed an indictment against Defendant for violation of 18 U.S.C. § 922(g)(1) (Dkt. #1). On November 2, 2017, Defendant filed a Notice of Challenge of Jurisdiction (Dkt. #95). On November 14, 2017, Defendant filed a Motion to Dismiss for Lack of Jurisdiction (Dkt. #102). On November 17, 2017, the United States filed its response (Dkt. #114).

## ANALYSIS

Defendant argues that the Court must dismiss the indictment pending against him for lack of jurisdiction over the alleged offense. The Government claims that the Court has jurisdiction over the alleged offense (Dkt. #114 at p. 1). "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. "The grand jury's issuance of an indictment is what gives federal courts jurisdiction to hear a criminal case and impose a sentence." *U.S. v. Longoria*, 259 F.3d 363, 365 (5th Cir. 2001). Here, a grand jury issued an indictment against Defendant detailing

his alleged violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Based on the issuance of this indictment, the Court has jurisdiction over the case. *See Longoria*, 259 F.3d at 265.

Defendant also claims that the indictment against him fails to state the essential elements of the offense (Dkt. #102). The Government avers that the indictment includes the essential elements of the offense (Dkt. #114 at p. 3). "Section 922(g)(1) has three requirements: '(1) that the defendant previously had been convicted of a felony; (2) that he possessed a firearm; and (3) that the firearm traveled in or affected interstate commerce.'" *United States v. Daugherty*, 264 F.3d 513, 515 (5th Cir. 2001) (citing *United States v. Gresham*, 118 F.3d 258, 265 (5th Cir. 1997)). Here, the indictment included the three elements of 18 U.S.C. § 922(g)(1):

> [D]efendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce the following, firearms:
>
> 1. An EAA, .38/357 caliber, revolver, bearing serial number 1542564;
>
> 2. a Mossberg Maverick, 12 gauge shotgun bearing serial number MV66303J

(Dkt. #114 at p. 3)

Thus, the indictment included the essential elements of the offense.

## CONCLUSION

It is hereby **ORDERED** that Defendant's motion to Dismiss for Lack of Jurisdiction (Dkt. #102) is **DENIED**.

**SIGNED this 21st day of November, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE